IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE BLACKMON, | § | |
| TDCJ #485431, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0320 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Eugene Blackmon (TDCJ #485431), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Blackmon has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a 1988 state court conviction. Blackmon appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I. BACKGROUND

Blackmon is currently in custody at the Garza East Unit pursuant to a conviction entered against him in the 208th District Court of Harris County, Texas, in cause number 457267, for burglary of a building with intent to commit theft. Blackmon received a forty-year sentence in that case. Blackmon's conviction was affirmed on direct appeal. *See Blackmon v. State*, 783 S.W.2d 11 (Tex. App. —Houston [14th Dist.] 1989). The Texas

Court of Criminal Appeals refused his petition for discretionary review in 1990, and he did not file a petition for a writ of certiorari with the United States Supreme Court.

Blackmon now seeks a federal writ of habeas corpus to challenge his conviction in cause number 457267.  As grounds for relief, Blackmon alleges as follows:  (1) the prosecutor engaged in misconduct by failing to comply with a court order to amend the indictment; (2) the trial court lacked jurisdiction because the indictment was fundamentally defective; and (3) the trial court erred by correcting the spelling of the defendant's name on the indictment over the objection of defense counsel.

Blackmon's conviction became final in 1990.  His federal habeas corpus petition is dated January 8, 2008.[1]  Thus, his pending petition appears barred by the governing statute of limitations.  *See* 28 U.S.C. § 2244(d)(1)(A).

More importantly, this is not the first federal habeas corpus petition that Blackmon has filed to challenge his conviction in cause number 457267. Blackmon has filed a previous federal habeas corpus petition to challenge that same conviction in this district.  *See Blackmon v. Collins*, Civil Action No. H-93-1283 (S.D. Tex.).  In that case, Blackmon also raised complaints about his indictment.  The petition in that case was dismissed with

---

[1] The Clerk's Office received the petition on January 22, 2008, and it was transferred from the Corpus Christi Division to the Houston Division on January 25, 2008.  Under the mail-box rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Because the pleadings are dated January 8, 2008, the petition is deemed filed on that date.

prejudice on the merits and Blackmon did not pursue an appeal. Based on this record, the Court concludes that Blackmon's pending federal habeas petition must be dismissed for reasons discussed briefly below.

## II.    DISCUSSION

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000). In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The claims

referenced in the pending petition could have and should have been presented previously in Blackmon's earlier habeas corpus proceeding. Accordingly, the pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The petitioner has not presented the requisite authorization. Absent such authorization, this Court lacks jurisdiction over the petition. *Id.* at 775. Accordingly, the petition must be dismissed as an unauthorized successive writ.

### III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the

COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim. Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Because the pending federal habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 3) is **GRANTED**.

2. This federal habeas corpus proceeding is **DISMISSED** for lack of jurisdiction.

3. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on January 30th, 2008.

_____
Nancy F. Atlas
United States District Judge